WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| CAPITAL ONE BANK, | ) | |
| | ) | |
| Plaintiff, | ) | No. CIV 07-690 PHX RCB |
| | ) | |
| vs. | ) | O R D E R |
| | ) | |
| PAMELA SMETKA, and RICHARD SMETKA, husband and wife, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter arises out of a debt collection suit originally filed in the Superior Court of Arizona in Maricopa County by Plaintiff Capital One Bank on March 9, 2005.  Notice (doc. # 1), Ex. 1.  On April 3, 2007, Defendants Pamela Smetka and Richard Smetka, appearing pro se, attempted to remove the action to this Court pursuant to 28 U.S.C. §§ 1335, 1348, 1441 and 1446. Plaintiffs filed an objection to the notice of removal (doc. # 4), which the Court construes as a motion to remand.  Thereafter, Defendants filed a motion to strike that objection (doc. # 5), which the Court construes as a response to the motion to remand. Also before the Court is Defendants' motion to quash a civil arrest warrant issued by the Superior Court of Arizona (doc. # 6).

## I.   MOTION TO REMAND

Defendants' notice of removal is untimely, and, in any event, does not assert any valid grounds for removal.  The procedures for removal provide as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).  The exhibits filed by Defendants reflect that service of the summons and complaint in this action was effected more than two years prior to the filing of their notice of removal in this Court.  See Notice (doc. # 1), Ex. 1-2.

Their notice also fails to assert any valid basis for removal under 28 U.S.C. § 1348.  See Notice (doc. # 1).  That statute only confers original jurisdiction in certain actions involving national banking associations, neither of which would apply in this instance.  Section 1348 provides in relevant part as follows:

> The district courts shall have original jurisdiction of any civil action commenced by the United States, or by direction of any officer thereof, against any national banking association, any civil action to wind up the affairs of any such association, and any action by a banking association established in the district for which the court is held, under chapter 2 of Title 12, to enjoin the Comptroller of the Currency, or any receiver acting under his direction, as provided by such chapter.

28 U.S.C. § 1348.  The present action was not commenced by the United States or by direction of any of its officers.  It is not a

1  suit to wind down the affairs of a national banking association.

2  It is also not a suit to enjoin the Comptroller of the Currency or

3  any receiver acting under his direction.  Rather, it is a suit

4  seeking collection on a debt.  Defendants have not asserted, nor is

5  the Court aware of, any valid grounds for it to exercise

6  jurisdiction over such a case, and Defendants' attempt to remove

7  this action is untimely in any event.  Plaintiff's motion to remand

8  (doc. # 4) will therefore by granted.

9  **II.  MOTION TO QUASH**

10       According to Defendants' motion to quash, a hearing was held

11  at the state court on April 25, 2007-- after their notice of

12  removal had been filed in this Court-- and a civil arrest warrant

13  has now been issued for their failure to appear at that hearing.

14  See Mot. (doc. # 6).  Defendants' argue that, after the filing of

15  their notice of removal in this Court, the state court should not

16  have proceeded with that hearing or issued an arrest warrant for

17  their failure to appear.  See Mot. (doc. # 6).  On that basis, they

18  would have this Court quash the warrant issued by the state court.

19       It is not clear from the record before this Court whether

20  Defendants properly effected removal by filing a copy of their

21  notice of removal with the state court.  See 28 U.S.C. § 1447(d)

22  ("Promptly after the filing of such notice . . . defendants . . .

23  shall file a copy of the notice with the clerk of such State court,

24  which shall effect the removal and the State court shall proceed no

25  further unless and until the case is remanded.").  It would appear

26  that the state court proceeded as it did, because Defendants did

27

28

1  not apprise it of the removal as they should have.[1]  On that basis,

2  as well as for the reason that this case is to be remanded,

3  divesting this Court of jurisdiction, Defendants' motion to quash

4  (doc. # 6) will be denied.

5

6      **IT IS THEREFORE ORDERED** that Plaintiff's objection to

7  Defendants' notice of removal (doc. # 4) is construed as a motion

8  to remand, and so construed is GRANTED.  This case is remanded to

9  the Superior Court of Arizona in Maricopa County.

10     IT IS FURTHER ORDERED that Defendants' motion to strike (doc.

11 # 5) is construed as a response to Plaintiff's motion to remand,

12 and is DENIED as moot.

13     IT IS FURTHER ORDERED that Defendants' motion to quash (doc. #

14 6) is DENIED.

15     IT IS FURTHER ORDERED directing the Clerk of the Court to send

16 the file in this case to the Superior Court of Arizona in Maricopa

17 County.

18     DATED this 18th day of May, 2007.

19

20

21 _____

        Robert C. Broomfield

22      Senior United States District Judge

23 Copies to counsel of record and Defendants pro se

24

25

26 _____

        [1]  If the state court had received a copy of the notice of
27 removal from Defendants, then Defendants may have a legitimate basis
   to obtain the relief they seek from that court.  See 28 U.S.C. §
28 1447(d).

                                    - 4 -