**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |  |
|---|---|---|
| CAPITAL ONE BANK, | ) | |
| | ) | |
| Plaintiff, | ) | No. CIV 07-690 PHX RCB |
| | ) | |
| vs. | ) | O R D E R |
| | ) | |
| PAMELA SMETKA, and RICHARD SMETKA, husband and wife, | ) ) | |
| | ) | |
| Defendants. | ) | |

This matter arises out of a debt collection suit originally filed in the Superior Court of Arizona in Maricopa County by Plaintiff Capital One Bank on March 9, 2005. Notice (doc. # 1), Ex. 1. On April 3, 2007, Defendants Pamela Smetka and Richard Smetka, appearing pro se, attempted to remove the action to this Court pursuant to 28 U.S.C. §§ 1335, 1348, 1441 and 1446. On May 14, 2007, Defendants filed a motion to quash a civil arrest warrant that had been issued by the state court for their failure to appear at an April 25, 2007 hearing before that court. Mot. (doc. # 6). By order entered May 21, 2007, the Court denied that and other motions in this case, and remanded the matter to the Superior Court of Arizona in Maricopa County. Order (doc. # 8). Specifically,

the Court noted that Defendants' notice of removal, filed more than two years after litigation began in state court, was untimely, and that Defendants had failed to assert any valid basis for federal jurisdiction. Id. Defendants seek reconsideration of that order. Mot. (doc. # 9). Having carefully considered the arguments raised, the Court now rules.

The decision to grant or deny a motion for reconsideration is left to the sound discretion of the trial court. See Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Such motions are disfavored and, absent exceptional circumstances, are generally only appropriate "if the district court (1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law." Id.

Defendants' motion is not based on any intervening change in controlling law. Defendants suggest that the Court may have committed clear error or taken actions that were manifestly unjust by construing Plaintiff's objection to the notice of removal (doc. # 4) as a motion to remand, and granting the motion as construed in that manner. See Mot. (doc. # 9) at 2. Defendants have not offered any explanation as to how this action constituted any abuse of discretion on the part of the Court, and, in any event, the result would have been the same had the Court not construed Plaintiff's objection (doc. # 4) as a motion to remand. Quite simply, the Court is not at liberty to proceed when it is apparent from the facts before it that it lacks subject matter jurisdiction, and must refrain from exceeding its judicial authority by

dismissing or, in the case of cases removed from state court, remanding the matter. See Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). If not by the motion of either party, such action must be taken of the Court's own initiative.

Defendants suggest for the first time that the Court may have exercised jurisdiction over this matter under the diversity statute, 28 U.S.C. § 1332, and for other reasons. Mot. (doc. # 9) at 2. Defendants' notice of removal (doc. # 1) does not discuss these theories of jurisdiction as the basis for which removal was sought, and an examination of the complaint from the state court demonstrates that there is no validity to these belatedly offered bases for jurisdiction. See Notice (doc. # 1), Ex. 1. Even if Defendants were able to assert a valid basis for federal jurisdiction, the Court emphasizes that their decision to wait over two years since the initiation of the litigation in the state court makes it impossible for them to legitimately remove the case to federal court. See 28 U.S.C. § 1446(b). The relatively short window of time within which removal could have been attempted has long since passed.

Finally, Defendants' motion is not based on any newly discovered evidence. Rather, they have submitted evidence that they gave notice to the state court of their removal on May 2, 2007. As this notice was filed after the April 25, 2007 state court hearing that Defendants failed to attend, resulting in the issuance of the civil arrest warrant, there is obviously no basis to upset the Court's prior decision to remand the case and deny

1  Defendants' motion to quash (doc. # 6).
2      Defendants having failed to demonstrate any valid basis for
3  reconsideration of the Court's May 21, 2007 order (doc. # 8)
4  remanding this case to the state court and denying Defendants'
5  motion to quash (doc. # 6),
6
7      **IT IS THEREFORE ORDERED** that Defendants' motion for
8  reconsideration (doc. # 9) is DENIED.
9      DATED this 12th day of June, 2007.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record and Defendants pro se