WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| CAPITAL ONE BANK, ) | | |
| ) | | |
| Plaintiff, ) | No. CIV 07-690 PHX RCB | |
| ) | | |
| vs. ) | O R D E R | |
| ) | | |
| PAMELA SMETKA, and RICHARD ) | | |
| SMETKA, husband and wife, ) | | |
| ) | | |
| Defendants. ) | | |
| ) | | |

On March 9, 2005, Plaintiff Capital One Bank filed a debt collection suit against Defendants Pamela Smetka and Richard Smetka in the Superior Court of Arizona in Maricopa County. Notice (doc. # 1), Ex. 1. After waiting two years, Defendants attempted to remove that case to federal court. Notice (doc. # 1). Since then, they have been advised twice by this Court that their attempted removal was untimely under 28 U.S.C. § 1446(b), meaning that even if they were able to assert a valid basis for federal jurisdiction, which they have not, the Court would still be without jurisdiction to hear their case due to their failure to timely seek removal. The case was therefore remanded to the state court on May 21, 2007,

1 a decision which the Court reaffirmed when it denied Defendants'
2 motion for reconsideration on June 13, 2007.  See Orders (doc.
3 ## 8, 11).  Undeterred, Defendants have filed a second motion to
4 reconsider (doc. # 12).
5     The relevant facts are set forth in great detail in the
6 Court's prior orders (doc. ## 8, 11).  The Court has given this
7 matter considered attention and has advised Defendants in very
8 clear language that their untimely request for removal renders it
9 impossible for this Court to hear their case.  See 28 U.S.C.
10 § 1446(b).  Moreover, they have been advised that the Court does
11 not have any authority or discretion to overlook the extreme
12 tardiness of their removal efforts, because to do so would exceed
13 the bounds of its jurisdiction as established by Congress in the
14 removal statute.  It should therefore come as no surprise that, for
15 the same reasons provided in the Court's order of June 13, 2007
16 (doc. # 11), Defendants' second motion for reconsideration (doc.
17 # 12) will be denied.
18     Based on the Court's prior orders, Defendants have been fully
19 aware and on notice of the incurable procedural defect of their
20 untimely removal.  See 28 U.S.C. § 1446(b).  By persisting in their
21 efforts to have this Court perform the ultra vires act of
22 "reinstating" federal jurisdiction that never existed, it is
23 apparent that Defendants seek only to delay the inevitable at the
24 expense of limited governmental and judicial resources.  Such
25 abusive conduct is violative of subparts (b)(1) and (b)(2) of Rule
26 11 of the Federal Rules of Civil Procedure, and will not be
27 tolerated.  If Defendants wish to continue filing repetitive and
28 meritless motions for the apparent purpose of harassing Plaintiff

1  and delaying the resolution of their state court litigation, the
2  Court will consider the use of monetary and non-monetary sanctions
3  as a deterrent.  <u>See</u> Fed. R. Civ. P. 11©.
4      **IT IS THEREFORE ORDERED** that Defendants' motion for
5  reconsideration (doc. # 12) is DENIED.
6      DATED this 2nd day of July, 2007.

*/s/ Robert C. Broomfield*
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record and Defendants pro se